## BURGIN v. BURGIN.

[No. 24,401. Filed January 29, 1925.]

1. DIVORCE.—*Order for Support of Child.—Refusal to Obey.— Contempt of Court.*—Evidence *held* to sustain decision of the court that defendant had wilfully failed and refused to obey an order for support of his child and was guilty of contempt of court. p. 603.

2. DIVORCE.—*Order for Support of Child.—Contempt in Disobeying Order.—Evidence of Inability Insufficient.*—Evidence by defendant tending to show his inability to comply with an order made in a divorce action that he pay a stipulated sum for the support of his child *held* insufficient. p. 603.

3. APPEAL.—*Reversal on Weight of Evidence not Permitted.*— An appellate tribunal is not permitted to reverse a judgment on the weight of evidence. p. 603.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Proceeding by Vera E. Burgin against Alonzo C. Burgin for contempt of court for not complying with an order of court, made at the time of granting her a divorce, to pay a specified amount for the support of their minor child. From a judgment committing him to jail, the defendant appeals. *Affirmed.*

*Dodson & Scifres* and *Roy W. Adney,* for appellant. *E. C. Gullion,* for appellee.

EWBANK, J.—This is an appeal from a judgment that appellant be committed to jail for contempt of court until he should fully pay up the amount due his divorced wife for the support of their minor child under an order of court made at the time she was granted the divorce. The original order was that he pay $15 per week, and the judgment appealed from was entered after hearing evidence to the effect that the order had never been set aside or modified, that no petition for its modification had ever been presented, that appellant had paid nothing at all for more than two weeks past, had paid only $30 in five weeks past, had been irregular in making payments, once paying nothing from April 20, until August 11, and again paying nothing from November 7, until January 5, that his payments had averaged only $41 per month, that he was $465 in arrears, that he was a traveling salesman, receiving a salary of $2,200, and expenses when away from home, that appellant had married his present wife twelve days after the judgment was entered granting a divorce to his former wife and making this order for the support of the child, and that appellant's father had recently died leaving a will under which appellant's wife was a beneficiary, and that from his estate she had received an automobile which appellant had used in making part of his points since then; though neither the size of the estate nor of her legacy was shown. It was also in evidence that appellant had been living in South Dakota and was back in Indiana by reason of having come 1,100 miles to testify as a witness at the trial of a claim against his father's estate. It was also shown that the child was attending school, and that its mother worked in a hospital for $40 per month and her food, until the last month, when her salary was raised to $50.

This evidence, if believed and given credit, sufficiently supports the inference drawn by the trial court that

appellant had wilfully failed and refused to obey 1-3. the order for the support of his child, and was guilty of contempt of court in so doing. And the fact that appellant testified that nearly all of his salary was consumed in paying his own "personal expenses" and keeping up "headquarters" at his home town, and that he bought no more clothing than was "absolutely necessary" and spent no money for anything not "absolutely necessary," cannot overthrow the finding and judgment on appeal. No facts were testified to in support of the conclusions thus asserted. And even if appellant had testified to each item of his expenditures, this court could not know that the trial court gave credit to his testimony. Neither may this court set aside a judgment, on appeal, upon the weight of conflicting evidence, where there is evidence which, if it stood alone, would justify its rendition.

The judgment is affirmed.